# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Devices listed on Attachment A

)
)
)
)
)
)

Case No. 2:19-MJ-166

*FILED AUG 29 2019 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS By ___ Deputy*

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the ___NORTHERN___ District of ___TEXAS___ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, Sections 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

SEE AFFIDAVIT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Randy Mincher, DEA TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/29/19

*Judge's signature*

City and state: AMARILLO, TEXAS

Lee Ann Reno, U.S MAGISTRATE JUDGE
*Printed name and title*

## Attachment A

## Property to Be Searched

Silver in color Mac Book Air model number A1564 and serial number: C02M71LPF5N8

DEA Non Drug Exhibit N-18 described as a black in color iPhone (Photo Attached)

DEA Non Drug Exhibit N-19 described as an iPhone iPhone in a white and sparkle colored plastic case (Photo Attached)

DEA Non Drug Exhibit 20 described as a red in color iPhone (Photo Attached)

All seized from Joseph HINOJOSA and Diana ORTIZ on or about August 8, 2019 in Amarillo, Texas.









# ATTACHMENT "B"
# LIST OF ITEMS TO BE SEARCH FOR AND SEIZED

## Property to be Searched and Seized

All electronic records relating to violations of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), including:

- Text messages;
- E-mail messages;
- Voice mail messages;
- Internet browsing history;
- Historical location (GPS) data;
- Photos;
- Video;
- Audio files;
- Calendars;
- Word processing documents;
- Spreadsheets;
- Text files;
- Contact names and telephone numbers;
- Incoming and outgoing call logs; and
- Forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when it was used.

2:19-MJ-166

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANT

I, Randy Mincher, a Task Force Officer with the Drug Enforcement Administration, do depose and say:

**Affiant's Qualifications**

1. I have been a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) since December 2015. I have received basic training from the Amarillo Police Department, Texas Department of Public Safety (DPS), Midwest Counter Drug Training Center, Texas Narcotics Officers Association and several other organizations. I am currently assigned as a Task Force Officer (TFO) with the DEA's Amarillo High Intensity Drug Trafficking Area (HIDTA) Group. My duties include, but are not limited to, investigating drug trafficking organizations responsible for the money laundering, smuggling, distribution, and transportation of quantities of illegal controlled substances into and across the United States. Concurrent with my assignment to the Amarillo DEA Task Force, I am employed as a police officer with the Amarillo Police Department and have been so employed for the past 14 years. For the last seven years at the Amarillo Police Department, I have been assigned to the Amarillo Police Department Narcotics Unit. I have personally initiated and conducted numerous narcotics investigations, including multiple-defendant organized crime cases.

This affidavit is intended to show only that there is probable cause for the requested warrant and does not set forth all of my knowledge about the matters related to the warrant.

**Source of Affiant's Information**

2. I make this affidavit based upon personal knowledge derived from my participation in this investigation and upon information I believe to be reliable from the following sources:

   A. my experience investigating the distribution of illegal controlled substances and the laundering and transportation of drug proceeds;

   B. oral and written reports, and documents about this investigation that I have received from members of the DEA and the Amarillo Police Department;

   C. discussions I have had personally concerning this investigation with federal and state investigators who are experienced in investigating criminal organizations involved in drug trafficking;

**Purpose of this Affidavit**

4. The information contained in this Affidavit is submitted for the sole purpose of supplying probable cause for the issuance of a search warrant for the subject electronic communications devices. As shown in the following paragraphs, this devices is being used in furtherance of narcotics trafficking. There is probable cause to believe that evidence and instrumentalities of the offenses described herein continue to be located in the subject electronic communications devices. The warrant is also being sought to discover evidence pertaining to: (1) possession with intent to distribute a controlled controlled substance namely methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

## Devices to be Searched

5. I declare that the facts contained in this Affidavit show that there is probable cause to search the following electronic communications devices:

   a. There is in Potter County, Texas, a suspected electronic communications devices (hereinafter referred to as "suspected devices") and more specifically described as:

   Silver in color Mac Book Air model number A1564 and serial number: C02M71LPF5N8

   DEA Non Drug Exhibit N-18 described as a black in color iPhone

   DEA Non Drug Exhibit N-19 described as an iPhone iPhone in a white and sparkle colored plastic case

   DEA Non Drug Exhibit 20 described as a red in color iPhone

   The suspected devices are currently secured at the Amarillo HIDTA office located at 205 Southeast 5th Avenue, Amarillo, Texas but will soon be moved to the DEA Non Drug Evidence Custodian in Lubbock, Texas.

   b. The suspected devices are owned or was in the possession of Joseph HINOJOSA and Diana ORTIZ on or about August 8, 2019.

   c. The suspected devices which contains the data and information sought is currently in the care, custody, control and management of the members of the Amarillo DEA.

**Electronic Storage and Forensic Analysis**

6. A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless devices used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books or contacts;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; recording and maintaining important notes and records; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools. Examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

8. There is probable cause to believe that things that were once stored on the devices may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that files or remnants of such files can be recovered from electronic devices months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on an electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, an electronic device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

   c. Wholly apart from user-generated files, storage media on these electronic devices contain electronic evidence of how a device has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Users of electronic devices typically

do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

9. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the electronic devices were used, the purpose of its use, who used it, and when it was used. There is probable cause to believe that this forensic electronic evidence might be on the electronic device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times

the device was in use. System files can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

**Facts in Support of Probable Cause**

Affiant does believe that searching the devices identified in this affidavit is likely to produce evidence that the offenses described herein has been, is, or will be committed and that the person or persons and/or the suspected party has committed, is committing, or will commit the offenses.

10. On August 8, 2019 a cooperating individual provided information to the Amarillo Police Department and DEA that a subject identified as "Joe" was distributing pound quantities of methamphetamine in the Amarillo, Texas area. The cooperating individual identified "Joe" as Joseph HINOJOSA from known photographs of HINOJOSA. The cooperating individual explained they would be meeting with HINOJOSA to receive approximately one half pound of methamphetamine. The information provided by the cooperating individual was corroborated by law enforcement through recorded controlled telephone calls and text messages. TFO Mincher believes the information provided by the cooperating individual was reliable due to the steps taken by law enforcement to corroborate the cooperating individuals information.

11. At approximately 9:55 p.m. law enforcement conducting physical surveillance observed HINOJOSA arrive to the parking lot of the United Supermarket located at 4701 South Washington, Amarillo, Texas where HINOJOSA believed he was meeting the cooperating individual to deliver methamphetamine. HINOJOSA was taken into custody and found in possession of approximately one half pound of a crystalline substance that field tested positive for the presence of methamphetamine. In the vehicle with

HINOJOSA was HINOJOSA's girlfriend Diana ORTIZ. At the time of HINOJOSA's arrest he was found in possession of a red in color iPhone.

12. After HINOJOSA was taken into custody a search warrant was executed at his residence located at 4202 South Hayden, Amarillo, Texas. During a search of the residence approximately five (5) pounds of methamphetamine was located inside of the residence along with several firearms, body armor and U.S. currency. The amount of methamphetamine located in possession of HINOJOSA is indicative of distribution and not mere possession.

13. During a recorded mirandized interview with HINOJOSA, HINOJOSA admitted to selling methamphetamine and possession of the methamphetamine located inside of the residence. HINOJOSA during the interview provided consent to TFO Mincher for the search of the red iPhone in his possession at the time of his arrest. HINOJOSA admitted the red iPhone was utilized by HINOJOSA to communicate with HINOJOSA's co-conspirators involved in the distribution of methamphetamine. TFO Mincher when conducting a cursory search of the iPhone observed a video of what appeared to be HINOJOSA handling one of the firearms located inside of HINOJOSA's residence.

14. During a recorded and Mirandized interview of ORTIZ, ORTIZ denied any involvement with the possession or distribution of methamphetamine. ORTIZ when asked about her cellphone denied knowing where the cellphone was located.

15. During the search of HINOJOSA's residence at 4202 South Hayden Street, Amarillo, Texas, DEA TFO Jose Barron located a silver in color Mac Book Air and a black iPhone in the southwest bedroom of the residence. The southwest bedroom of the residence is the same bedroom where approximately five (5) pounds of methamphetamine was located and the bedroom HINOJOSA identified as being his room.

16. During a search of the residence a white in color iPhone with a plastic case was found in possession of a child that was located inside of the residence at 4202 South Hayden, Amarillo, Texas. The child identified the iPhone as belonging to their mother Diana ORTIZ. TFO Mincher believes ORTIZ's cellphone will likely contain evidence of or knowledge of HINOJOSA's drug trafficking activities as well as ORTIZ's knowledge and involvement. The cooperating individual stated that ORTIZ accompanied HINOJOSA when HINOJOSA was delivering methamphetamine to the cooperating individual. This was corroborated by ORTIZ being in the vehicle with HINOJOSA in the parking lot of the United Supermarket on August 8, 2019. The methamphetamine located at the residence at 4202 South Hayden Street, Amarillo, Texas, was located on the closet floor of the southwest bedroom that was shared by ORTIZ and HINOJOSA. The methamphetamine was laying in a position that did not appear HINOJOSA was trying to hide it from ORTIZ. Also located in the kitchen of the residence were bowls of a crystalline substance and bottles of a dietary supplement TFO Mincher knows is

commonly utilized in the processing or dilution of methamphetamine. These bowls were in an area that would be accessible to ORTIZ.

## Conclusion

Your Affiant submits that based upon the above facts, there is probable cause to believe that Joseph HINOJOSA and Diana ORTIZ have committed the offenses of Possession with Intent to Distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). I further believe that there is probable cause to believe that evidence, contraband, fruits of crime, items illegally possessed, and property designed for use, intended for use, and used in committing this crime (as itemized in Attachment B to the Application for Search Warrant) will be found in the following devices:

Silver in color Mac Book Air model number A1564 and serial number: C02M71LPF5N8

DEA Non Drug Exhibit N-18 described as a black in color iPhone

DEA Non Drug Exhibit N-19 described as an iPhone iPhone in a white and sparkle colored plastic case

DEA Non Drug Exhibit 20 described as a red in color iPhone.

Accordingly, I respectfully ask for a warrant to search the devices under Rule 41 of the Federal Rules of Criminal Procedure.

_____
Randy Mincher
Task Force Officer
Drug Enforcement Administration

SUBSCRIBED AND SWORN TO BEFORE ME on this 29th day of August, 2019.

_____
Lee Ann Reno
UNITED STATES MAGISTRATE JUDGE

_____
Anna Marie Bell
Assistant United States Attorney